CARRANZA v. HICKS et al.
(No. 5764.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1916.)

1. CONTRACTS �köm141(2) — ILLEGALITY — EVIDENCE—DECLARATIONS.

In an action by the head of a faction in a foreign state to recover money intended for the purchase of arms which had been intrusted to an agent, who proved to be a spy of another faction, and who turned the money over to a United States secret service officer, it was not error to exclude declarations of the agent to the secret service officer that he received the mon-

ey from the commander of one of plaintiff's armies, and from other adherents of plaintiff, since such declarations did not establish plaintiff's right to the money.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785; Dec. Dig. ⊸141(2).]

2. INTERPLEADER ⊸32—JUDGMENT—NEITHER PARTY ENTITLED.

Where, in an action to recover money, the defendant disclaims any interest in the money and an intervener claims it, but neither plaintiff nor intervener establishes title, the money should be left in the hands of the defendant.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 72, 73; Dec. Dig. ⊸32.]

3. CONTRACTS ⊸138(3)—ILLEGAL TRANSACTION—RELIEF OF PARTIES.

The head of a faction in a foreign state cannot recover money, intrusted to an agent to buy arms in the United States contrary to the president's proclamation, from a secret service officer to whom the agent delivered it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 688, 689; Dec. Dig. ⊸138(3).]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by V. Carranza against Robert L. Barnes, to recover a sum of money, in which Marshall Hicks intervened as a claimant. From a judgment awarding the fund to the intervener, plaintiff appeals. Affirmed.

R. L. Edwards and Haltom & Haltom, all of San Antonio, for appellant. Hicks, Hicks, Teagarden & Dickson, of San Antonio, for appellee.

FLY, C. J. The appellant, describing himself as a citizen of Coahuila, in the republic of Mexico, and as recognized "First Chief of the Constitutionalist Party of the Republic of Mexico," instituted this suit against Robert L. Barnes, a resident of Bexar county, Tex., to recover 1,450 pesos, Mexican money of the value of $725 in the money of the United States, claiming to be the owner of the same by virtue of his position in Mexico. R. L. Barnes answered that the money in question is on deposit in a Houston bank, subject to his control and disposition; that it came into his possession in performance of his duties as a special agent of the Bureau of Investigation of the Department of Justice of the United States; that the money was delivered to him by one M. M. Mirando to be used as evidence in the possible prosecution of parties for violation of the neutrality laws of this country, and that he was willing to deliver the money into the registry of the court. He also alleged that Marshall Hicks was asserting a claim to the money, and prayed that he be made a party to the suit. Hicks intervened in the suit, claiming that he bought the pesos from Mirando and paid a valuable consideration therefor. The cause was tried, without a jury, and judgment rendered in favor of Marshall Hicks for the 1,450 pesos, and that appellant pay all costs of suit.

The evidence shows that M. M. Mirando placed the money in the possession of Barnes

to be used as evidence in any criminal prosecution thereafter instituted against persons furnishing the money to Mirando, for violating a proclamation of the President of the United States, prohibiting the exportation of arms and ammunition into Mexico from this country. No indictment was returned against the parties, and the money remained in the possession of Barnes, who disclaimed any interest in the same. It was also shown that V. Carranza was at that time at the head of a faction in Mexico, and was called "First Chief." Marshall Hicks testified that on September 30, 1913, Mirando sold and assigned to him the 1,450 pesos, for a consideration of over $200 in United States money. He also stated that he was at that time in the employ of the Huerta government in Mexico, as an attorney at law, and that he knew that Mirando was in the secret service of the Huerta government, and that Mirando told him that by pretending to be against the Huerta government, he had induced enemies of that government to let him have the 1,450 pesos under pretense that he would use the same to purchase arms and ammunition to be sent into Mexico and used against the Huerta government. Mirando also told Hicks that he had placed the pesos in the possession of Barnes, to be used in prosecuting the parties from whom he had obtained it.

[1] The first assignment of error assails the action of the court in refusing to allow Barnes to testify what Mirando told him as to how he came into possession of the money. The excluded statement of Mirando is practically the same as the statement made to Hicks, except that there is a general statement that he had received the money from the officers and agents of the Carranza faction, followed by the statement that 1,000 pesos had been received from Gen. Blanco, a general in the Constitutionalist army of Mexico, and that the remaining 450 pesos had been delivered to Mirando by friends and agents of the Carranza army at Mercedes, Tex. That evidence, if it had been admitted, would not have connected the "First Chief" with the ownership or right to possession of money given by Gen. Blanco and friends and agents of the Carranza army in Texas. It did not tend to show that the money belonged to Carranza, or that he could assert, as did the French king, "I am the State," and had the ownership of all the money of his followers in Mexico and his friends in Texas. The statement of Mirando had no probative force in establishing the claim of appellant to the money. Its only tendency was to show that Mirando by fraud and deceit obtained money from the adherents of a certain Mexican faction to buy arms to be used against another faction. His statement did not show that he obtained money belonging to appellant, or over which he had any control whatever. The presumption is that Gen. Lucio Blanco gave his own 1,000 pesos to Mirando, and that the friends of Carranza at Mercedes gave their own 450 pesos to Mirando. No right, title, or interest in the money was shown to be held at any time by appellant.

The bill of exceptions reserved to the exclusion of the statements of Mirando does not disclose that Mirando ever told Barnes that the money belonged to the government of Mexico, as is stated in the brief. It would have taken a more reckless man, perhaps, than Mirando to have been willing to say that there was any government in Mexico in 1913, and to locate it on the map. Of course Mirando has departed this life, as would be the natural result in the long run to any man following his occupation in Mexico.

[2] There is but the one assignment of error presented by appellant; and R. L. Barnes has not appealed from the judgment, and there is therefore no assignment of error questioning the right of Marshall Hicks to the money. In fact, appellant advised the court, who seemed to doubt the right of either appellant or intervener to recover the money, that he should render judgment for one of them. This court does not commit itself to the proposition that the two parties could dispose of property to which neither may have shown a title. In that event, the money should have been left in the hands of the bailee to whom it had been committed. The right of intervener to the money not being questioned in this court, we are not called upon to express an opinion on the same.

[3] Even though appellant had shown, as he did not, that he had the right to the money, the courts of Texas would not enforce his right thereto because the possession of the money by Mirando grew out of an illegal agreement to violate the laws of this country and override the proclamation of its President. Courts will not enforce contracts made in violation of law, or relieve the parties thereto, but will leave them in the position in which they have placed themselves.

The judgment is affirmed.